IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| NATH CROCKETT WOMACK, } | |
| TDCJ-CID NO. 803963, } | |
|     Petitioner, } | |
| v. } | CIVIL ACTION G-07-510 |
| NATHANIEL QUARTERMAN, } | |
|     Respondent. } | |

OPINION ON DISMISSAL

Petitioner Nath Crockett Womack, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. Respondent has filed a motion to dismiss (Docket Entry No.9), to which petitioner has filed a response. (Docket Entry No.10). For the reasons to follow, the Court will grant respondent's motion to dismiss and dismiss petitioner's federal habeas petition as untimely pursuant to 28 U.S.C. § 2244(d).

I.    PROCEDURAL HISTORY

On June 18, 1997, petitioner was convicted of murder in the 23rd District Court of Brazoria County, Texas in cause number 31,865. Punishment was assessed at confinement for life in TDCJ-CID. (Docket Entry No.1). Petitioner's conviction was affirmed in an unpublished opinion. *Womack v. State*, No. 13-97-00397-CR, 1998 WL 34202187 (Tex. App.–Corpus Christi 1998). Initially, petitioner did not file a petition for discretionary review ("PDR"). He later filed a state habeas corpus application on June 28, 2004, seeking to file an out-of-time PDR. *Ex parte Womack*, Application No.WR-60,118-01. The Texas Court of Criminal Appeals granted the

1

application on October 13, 2004.  *Id*. at cover.  *See also Ex parte Womack*, No.75025, 2004 WL 3261168 (Tex. Crim. App. 2004).  Petitioner then filed an out-of-time PDR on January 27, 2005, which the Texas Court of Criminal Appeals refused on June 8, 2005.  *See Womack*, No.13-97-00397-CR, 1998 WL 34202187.  The Supreme Court denied his petition for writ of *certiorari* on November 14, 2005.  *Womack v. Texas*, 546 U.S. 1018 (2005).

Petitioner filed his petition for a federal writ of habeas corpus in this Court on October 8, 2007.[1]  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks federal habeas relief on grounds that the evidence is insufficient to support his conviction, his trial counsel was ineffective, the jury instructions were defective, and he is actually innocent.  (Docket Entry No.1).

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

---

[1] Although the Clerk filed the petition on October 16, 2007, petitioner indicates that he mailed the pending petition on October 8, 2007.  Therefore, the Court will consider the application filed as of October 8, 2007, for limitations purposes.  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir.1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

>       removed, if the applicant was prevented from filing by such State action;
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Id.* at 198.

"In Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses." *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004). "If the defendant stops the appeal process before [seeking review by the state court of last resort], the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In this case, petitioner's conviction and sentence became final for purposes of the AEDPA's one-year statute of limitations when his time expired for filing a petition for discretionary review, *i.e.*, on Monday, June 29, 1998, thirty (30) days after the Thirteenth Court of Appeals for the State of Texas rendered its decision on May 28, 1998. TEX. R. APP. P. 68.2(a). To be timely under 28 U.S.C. § 2244(d)(1)(A), petitioner had to file his federal petition

on or before June 29, 1999. Petitioner filed the pending federal habeas corpus petition on October 8, 2007; therefore, it is untimely.

Moreover, petitioner is not entitled to the tolling provisions of § 2244(d)(2). "[I]f ... an 'out-of-time' PDR is awarded only as a result of the collateral review process, limitations is tolled merely while the petitioner seeks to obtain that relief." *Salinas*, 354 F.3d at 430. "As a result, when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief tolls the AEDPA's statute of limitations until the date on which the Court of Criminal Appeals declines to grant further relief, but it does not require a federal court to restart the running of AEDPA's limitations period altogether." *Id.* at 430 (footnote omitted). *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) ("[a] state court's subsequent decision to allow review may toll the time relating directly to the application, but it does not change the fact that the application was not pending prior to the application"). Hence, when the state habeas application that seeks permission to file an out-of-time PDR is filed after the one-year limitation period has expired, neither the state habeas application nor the out-of-time PDR will toll the limitation period. Because petitioner's state application for habeas corpus relief was not filed until June 28, 2004, after the expiration of the June 29, 1999 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged in his pleading or his response to the Motion to Dismiss that he was subject to state action that impeded him from filing his federal petition. *See* 28 U.S.C. § 2244(d)(1)(B). Nor has he sought equitable tolling of the limitation period. *See Salinas*,

354 F.3d at 431-43 (holding no abuse of discretion to deny equitable tolling for mere attorney error or neglect). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. §2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

## III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.§2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th

Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

IV.   CONCLUSION

> Based on the foregoing, the Court ORDERS the following:

1. Respondent's Motion to Dismiss (Docket Entry No.9) is GRANTED.

2. This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C.§2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

> The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 22nd day of April, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE